# EXHIBIT A

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

ENDORSED
FILED
ALAMEDA COUNTY

JUL 16 2014

CLERK OF THE SUPERIOR COURT
By MARGARET J. DOWNIE, Deputy

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

LEXISNEXIS RISK SOLUTIONS, INC.; DOES 1-10
a corporation doing business in California (PI)

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

LEON ROE

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* RENEE C. DAVIDSON<br>1225 FALLON STREET<br>OAKLAND, CA 94612 | CASE NUMBER:<br>*(Número del Caso):* RG14732910 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del demandante, o del demandante que no tiene abogado, es):*
RUDOLPH J. ALEJO, ESQ; 1448 SAN PABLO AVE, BERKELEY, CA 94702; (510) 842-5356

| | | |
|---|---|---|
| DATE: JUL 15 2014<br>*(Fecha)* | Clerk, by MARGARET J. DOWNIE<br>Leah T. Wilson (Secretario) | , Deputy<br>*(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):* LexisNexis Risk Solutions, Inc.

under: ☑ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☒ by personal delivery on *(date):* 7-18-14

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |

LAW OFFICE OF RUDOLPH J. ALEJO
RUDOLPH J. ALEJO, Esq. (SBN 284302)
1448 San Pablo Ave
Berkeley, CA 94702
Ph: (510) 842-5356
Fax: (510) 527-5812
Rudolph.AlejoEsq@gmail.com
Attorney for Plaintiff
LEON ROE

ENDORSED
FILED
ALAMEDA COUNTY

JUL 1 5 2014

CLERK OF THE SUPERIOR COURT
By MARGARET J. DOWNIE
Deputy

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF ALAMEDA

CASE NO. RG14732910

LEON ROE, an individual,

        Plaintiff,

    vs.

LEXISNEXIS RISK SOLUTIONS., a
corporation doing business in California; and
DOES 1-10 inclusive,

        Defendants.

**COMPLAINT FOR DAMAGES FOR
VIOLATIONS OF:**

1. 15 U.S.C. § 1681e(a)
2. 15 U.S.C. § 1681e(b)
3. 15 U.S.C. § 1681k(a)
4. Bus. & Prof. Code, § 17200 *et seq.*

**JURY TRIAL DEMANDED**

COMPLAINT FOR DAMAGES - 1

Plaintiff LEON ROE (hereafter as "Plaintiff") complains against Defendants LEXISNEXIS RISK SOLUTIONS, INC., a Georgia corporation doing business in California, and DOES 1-10 inclusive (hereafter collectively as "Defendant" or "LexisNexis"), and alleges as follows:

## NATURE OF THE ACTION

1.   Defendant is in the business of issuing background screening reports on California consumers. It is an entity regulated under the Fair Credit Reporting Act ("FCRA") (15 U.S.C § 1681 *et seq.*).

2.   It is estimated that one in four adults in the United States has a criminal record of some kind, and that more than ninety percent of all employers in the United States perform criminal background checks on job candidates.[1] Most employers are reluctant to hire people with conviction history.[2]

3.   Existing law requires employers to consider certain relevant factors, including the age, nature, and severity of a job applicant's criminal record and the duties to be performed before making an adverse employment decision based on a person's criminal record.[3] Additionally, state equal employment opportunity regulations currently forbid inquiries into – or consideration of – certain criminal records.[4] It is therefore imperative that criminal background check companies provide accurate, complete, and up-to-date information about a job applicant's

---

[1]  NAT'L CONSUMER LAW CTR., BROKEN RECORDS: HOW ERRORS BY CRIMINAL BACKGROUND CHECKING COMPANIES HARM WORKERS AND BUSINESSES (Apr. 2012), *at 3. See also* SOC'Y FOR HUMAN RES. MGMT., BACKGROUND CHECKING: CONDUCTING CRIMINAL BACKGROUND CHECKS, slide 3 (Jan. 22, 2010), *located at* http://www.slideshare.net/shrm/background-check-criminal (last visited on July 14, 2014); Ben Geiger, *Comment: The Case for Treating Ex-Offenders as a Suspect Class*, 94 CAL. L. REV. 1191, 1193 (2006).

[2]  Harry Holzer, Steven Raphael & Michael A. Stoll, *Employer Demand for Ex-Offenders: Recent Evidence from Los Angeles*, Nat'l Crim. J. Ref. Svs. (March 2003), *available at* https://www.ncjrs.gov/App/Publications/abstract.aspx?ID=244705.

[3]  See generally Equal Employment Opportunity Commission, Enforcement Guidance on the Consideration of Arrest and Conviction Records in Employment Decisions Under Title VII of the Civil Rights Act of 1964, *as amended*, 42 U.S.C. § 2000e *et seq* (Apr. 25, 2012)., *available at* http://www.eeoc.gov/laws/guidance/arrest_conviction.cfm.

[4]  See Cal. Code Regs. tit. 2, § 11017(d)(1).

COMPLAINT FOR DAMAGES - 2

criminal record, and that they refrain from inquiring into – and reporting – information that violates equal employment opportunity laws and regulations.

4. Congress enacted comprehensive legislation regulating the procurement and issuance of background check reports, stating that "consumer reporting agencies have assumed a vital role," and that "there is need to insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy." (15 U.S.C. § 1681(a)(3)-(4).)

5. Defendant fails to abide by the restrictions and requirements set forth in the FCRA and routinely provides screening reports that are inaccurate, misleading, incomplete, not up to date, and that include information employers are forbidden from considering pursuant to state equal employment opportunity regulations.

6. Defendant's violations occur because Defendant (1) routinely reports information that it knows, or should know, employers will use in violation of state equal employment opportunity laws or regulations (15 U.S.C. § 1681b(b)(1)(ii); 15 U.S.C. § 1681e(a)); (2) routinely fails to implement reasonable procedures to assure maximum possible accuracy of the information reported (15 U.S.C. § 1681e(b)); and (3) routinely fails to maintain strict procedures designed to ensure that the public record information it reports is complete and up to date (15 U.S.C. § 1681k(a)).

7. As a result of Defendant's wrongful acts and omissions, Plaintiff has been injured, including, without limitation, by virtue of having lost wages and employment opportunities, incurring emotional distress, and by having been forced to spend time, money, and energy to correct Defendant's errors.

8. Plaintiff seeks actual and/or compensatory damages, punitive damages, and equitable relief, including a preliminary and permanent injunction, costs, expenses, and attorney fees, as well as additional and further relief as may be appropriate. Plaintiff reserves the right to amend this Complaint to add additional relief as proper.

## THE PARTIES

9. Plaintiff LEON ROE is, and at all times relevant herein was, a resident of Oakland, California.

1    10. Plaintiff proceeds under a pseudonym to protect his legitimate privacy interests, because
2  his claims involve matters of a sensitive and highly personal nature.
3    11. Defendant LEXISNEXIS is, and at all times herein mentioned was, a Georgia corporation
4  doing business in the State of California with its headquarters in Atlanta, Georgia.
5    12. The identities of Defendants sued herein as DOES 1-10 are not yet known but are capable
6  of being discovered.
7    13. Plaintiff is informed and believes and thereon alleges that each of the DOE Defendants is
8  responsible in some manner for the occurrences herein alleged and that Plaintiff's damages as
9  herein alleged were proximately caused by such occurrences.
10    14. Plaintiff is informed and believes and thereon alleges that, at all times herein mentioned,
11  Defendants DOES 1-10, were agents of each other and of the named Defendant and in doing the
12  things alleged in this Complaint, were acting in the scope of such agency and with the
13  permission and consent of Defendants.
14
15                                  **VENUE**
16
17    15. Venue and jurisdiction are proper in this Court pursuant to CCP sections 395 and 395.5.
18  The cause of action arose in ALAMEDA COUNTY, California.
19
20                            **GENERAL ALLEGATIONS**
21
22    16. The FCRA prohibits consumer reporting agencies from issuing a report if they have
23  reasonable grounds to believe that the information contained in the report will be used in
24  violation of state or federal equal employment opportunity laws or regulations. (15 U.S.C. §
25  1681b(b)(1)(ii); 15 U.S.C. § 1681e(a).)
26    17. According to the California Department of Fair Employment and Housing's regulations,
27  in making an employment determination California employers are forbidden from inquiring into
28  or considering any misdemeanor conviction that has been judicially dismissed pursuant to Penal
29  Code section 1203.4. (Cal. Code Regs. tit. 2, § 11017(d)(1), hereafter as "EEO Regulations".)
30    18. Additionally, because inaccurate criminal history information invariably has a negative
31  impact on a consumer's ability to seek gainful employment, the FCRA imposes a duty on the
32  reporting agency to (1) follow reasonable procedures to ensure maximum possible accuracy, and

(2) maintain strict procedures to ensure that any public record information reported is complete, accurate, and up to date. (15 U.S.C. § §1681e(b), 1681k(a).).

19. Pursuant to 15 U.S.C. § 1681o, an agency that negligently fails to comply with any requirement of the FCRA is liable to the consumer for actual damages and attorney fees and costs.

20. Pursuant to 15 U.S.C. § 1681n, an agency that willfully fails to comply with any requirement of the FCRA is liable to the consumer for the greater of actual damages or an amount not less than $100 or more than $1,000, plus punitive damages, costs, and attorney fees.

## DEFENDANT LEXISNEXIS

21. At all times relevant herein, defendant is or was a consumer reporting agency within the meaning of 15 U.S.C. § 1681a. Defendant is in the business of gathering, compiling, and selling to third parties background screening reports (hereafter as "reports") containing consumer credit information or other information on consumers. Defendant uses means and/or facilities of interstate commerce for the purpose of preparing or furnishing consumer reports. Defendant sells its reports to prospective employers, among other entities, to be used in employment determinations.

## PLAINTIFF LEON ROE

22. Plaintiff is a consumer within the meaning of 15 U.S.C. § 1681a, subdivision (c), as he was an individual who applied for employment in connection with Defendant's issuance of a report, as more fully explained below.

23. Plaintiff was convicted of a misdemeanor violation of former Penal Code section 12020, subdivision (a)(4) – possession of a dirk or dagger – on March 31, 2004 in case number 497***.

24. On July 22, 2011, an Alameda County Superior Court judge dismissed Plaintiff's conviction pursuant to Penal Code section 1203.4. (July 22, 2011 dismissal order, an expurgated copy of which is attached as Exhibit 1.)

## DEFENDANT'S BACKGROUND CHECK

25. On or about July 24, 2012, Plaintiff applied for a temp-to-hire position through Priority Business Services (hereafter as "employer").

26. Employer informed Plaintiff that he would undergo a background check in connection with his application for employment.

27. Whilst awaiting the results of Defendant's background check, on or about August 1, 2012, Employer sent Plaintiff to work at the Stonebridge Apartments in Castro Valley, California for its client, Bridge Housing. Plaintiff impressed his supervisors at Bridge Housing and expected to receive an offer for a full-time position any day.

28. Plaintiff's hopes were dashed when, on or about August 12, 2012, Employer contacted Plaintiff and told him he was fired for "lying" on his job application. Thereafter, Plaintiff had several conversations with Employer in which his integrity was continuously called into question, and in which he was repeatedly called a "liar."

29. On or about August 17, 2012, Plaintiff received from Employer a copy of Defendant's background report (hereafter "subject report"), an expurgated copy of which is attached herein as Exhibit 2.

30. At no time did Defendant notify Plaintiff pursuant to 15 U.S.C. § 1681k, subdivision (a)(1), that it was reporting public record information about Plaintiff in connection with his application for employment.

31. The subject report referenced Alameda County Court Criminal Case No. 497***, but inaccurately described the conviction as "POSSESSION OF WEAPON." (Exhibit 2.)

32. Defendant was informed by the Alameda County Court Clerk that a review of the Court's Automated Records System showed that Plaintiff was in fact convicted violating former Penal Code section 12020, subdivision (a)(4) – possession of a dirk or dagger. Nevertheless, Defendant conspicuously, and in all capital letters stated in its report the crime was "POSSESSION OF A WEAPON" without describing the nature or class of the weapon.

33. Alternatively, Defendant's review of the physical court file showed that Plaintiff was in fact convicted violating former Penal Code section 12020, subdivision (a)(4) – possession of a dirk or dagger. Nevertheless, Defendant conspicuously, and in all capital letters stated in its report the crime was "POSSESSION OF A WEAPON" without describing the nature or class of the weapon.

34. Plaintiff is informed and believes, and thereon alleges that Defendant intentionally, knowingly, and/or recklessly cast Plaintiff in a more adverse light by misleading Employer as to the severity of Plaintiff's criminal conviction and/or the severity of the underlying action, with the purpose of conveying to Employer that Plaintiff was a less desirable job applicant.

35. Plaintiff is informed and believes, and thereon alleges, that the subject report did in fact mislead Employer as to the severity of Plaintiff's criminal conviction and/or underlying action and further led Employer to believe that Plaintiff was a less desirable job applicant.

36. Plaintiff is informed and believes, and thereon alleges, that Defendant intentionally, knowingly, and/or recklessly fails to accurately or fully describe convictions in its reports, even though it knows or should know this inaccurate information will negatively affect an applicant's chances of gaining employment.

37. The subject report also indicated Plaintiff pled "NOLO CONTENDRE" on July 22, 2011. (Exhibit 2.)

38. Defendant was informed by the Alameda County Court Clerk that a review of the Court's Automated Records System showed that Plaintiff in fact pled no contest in case number 497*** on March 31, 2004. Nevertheless, Defendant conspicuously stated in its report that the conviction occurred more than seven years later, on July 22, 2011.

39. Alternatively, Defendant's review of the physical court file showed that Plaintiff in fact pled no contest in case number 497*** on March 31, 2004. Nevertheless, Defendant conspicuously stated in its report that the conviction occurred more than seven years later, on July 22, 2011.

40. Plaintiff is informed and believes, and thereon alleges that Defendant intentionally, knowingly, and/or recklessly cast Plaintiff in a more adverse light by misleading Employer as to the recency of Plaintiff's conviction with the purpose of conveying to Employer that Plaintiff was a less desirable job applicant.

41. Plaintiff is informed and believes, and thereon alleges, that the subject report did in fact mislead Employer as to the recency of Plaintiff's criminal conviction and further led Employer to believe that Plaintiff was a less desirable job applicant.

42. Plaintiff is informed and believes, and thereon alleges, that Defendant intentionally, knowingly, and/or recklessly fails to accurately describe the dates of convictions in its reports, even though it knows or should know this inaccurate information will negatively affect an applicant's chances of gaining employment.

43. The subject report also failed to indicate Plaintiff's conviction was dismissed pursuant to Penal Code section 1203.4. (Exhibit 2.)

44. Defendant was informed by the Alameda County Court Clerk that a review of the Court's Automated Records System showed that case number 497*** was dismissed pursuant to Penal Code section 1203.4 on July 22, 2011. Nevertheless, Defendant failed to include information about this dismissal in its report.

45. Alternatively, Defendant's review of the physical court file showed that case number 497*** was dismissed pursuant to Penal Code section 1203.4 on July 22, 2011. Nevertheless, Defendant failed to include information about this dismissal in its report.

46. Plaintiff is informed and believes, and thereon alleges that Defendant intentionally, knowingly, and/or recklessly cast Plaintiff in a more adverse light by failing to inform Employer that Plaintiff's conviction was dismissed for the purpose of conveying to Employer that Plaintiff was a less desirable job applicant.

47. Plaintiff is informed and believes, and thereon alleges, that the subject report did in fact mislead Employer into believing Plaintiff's case was not dismissed and further led employer to believe that Plaintiff was a less desirable job applicant.

48. Plaintiff is informed and believes, and thereon alleges, that Defendant intentionally, knowingly, and/or recklessly fails to accurately reflect post-conviction remedies – such as dismissals pursuant to Penal Code section 1203.4 – even though it knows or should know the omission of this information will negatively affect an applicant's chances of gaining employment.

49. Plaintiff is informed and believes, and thereon alleges, that Defendant is fully aware that state equal employment opportunity regulations prohibit California employers from inquiring into or considering misdemeanor convictions that have been judicially dismissed pursuant to Penal Code section 1203.4 when making an employment determination. Nevertheless, Defendant regularly includes records of dismissed misdemeanor convictions in its criminal history reports to California employers, knowing full well that its customers will rely on this prohibited information when making an employment suitability determination.

50. After receiving the erroneous report, Employer fired Plaintiff. Plaintiff is informed and believes and thereon alleges that Employer based its adverse employment decision in whole or in part on Defendant's erroneous and/or unlawful report.

# FIRST CAUSE OF ACTION

## (Violation of 15 U.S.C. § 1681e(a))

51. Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1-50, inclusive.

52. Defendant is and was at all times relevant herein an entity regulated under the FCRA, and knew or should have known that pursuant to 15 U.S.C. § 1681e, subdivision (a), it was prohibited from furnishing a report when it had "reasonable grounds for believing that the consumer report will not be used for a purpose listed in section 1681b."

53. Defendant knew or should have known that pursuant to 15 U.S.C. 1681b, subdivision (b)(1)(A)(ii), recipients of consumer reports are prohibited from using information in consumer reports "in violation of any applicable Federal or State equal employment opportunity law or regulation."

54. Defendant knew or should have known that, pursuant to EEO Regulations, California employers are expressly prohibited from inquiring into or considering judicially dismissed misdemeanor convictions. Nevertheless, Defendant furnished a consumer report disclosing Plaintiff's judicially dismissed misdemeanor conviction to Employer, a California company.

55. In furnishing the subject report, Defendant knew or should have known that Employer would consider Plaintiff's judicially dismissed conviction in making its employment eligibility determination, in violation of EEO Regulations and 15 U.S.C. 1681b, subdivision (b)(1)(A)(ii). Nevertheless, Defendant reported Plaintiff's judicially dismissed conviction to Employer.

56. Based on above-described disclosure in the subject report, Plaintiff was harmed and suffered actual damages as a direct legal, proximate, and foreseeable result of Defendant's violations.

57. Defendant's violations were willful and/or grossly negligent because Defendant was aware of its obligations under the FCRA and knew Employer would use the information in the subject report in violation of EEO Regulations and 15 U.S.C. 1681b, subdivision (b)(1)(A)(ii). Nonetheless, Defendant consciously and/or recklessly elected to furnish the subject report to Employer.

58. Defendant's violations entitle Plaintiff to damages pursuant to 15 U.S.C. §§ 1681n and 1681o, including but not limited to the actual harms suffered by Plaintiff as a direct legal,

proximate, and foreseeable result of Defendant's violations, as well as punitive damages, attorney fees and costs.

## SECOND CAUSE OF ACTION
### (Violation of 15 U.S.C. § 1681e(b))

59. Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1-50, inclusive.

60. Defendant is and was at all times relevant herein an entity regulated under the FCRA, and knew or should have known that pursuant to 15 U.S.C. § 1681e, subdivision (b), it was required to "follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."

61. In furnishing the subject report, Defendant knew or should have known its failure to follow reasonable procedures to assure maximum possible accuracy would result in the reporting of incorrect and/or inaccurate information. Further, Defendant knew or should have known that this erroneous information would mislead Employer as to the severity and remoteness of the underlying offense.

62. Defendant failed to follow reasonable procedures, resulting in the inaccurate reporting of the conviction in case number 497*** as "POSSESSION OF A WEAPON." Specifically, Defendant knew that former Penal Code section 12020, subdivision (a)(4), penalized the unlawful possession of "any dirk or dagger." Nevertheless, Defendant disclosed that Plaintiff was convicted of a "POSSESSION OF A WEAPON," which could describe anything from an assault rifle to an intercontinental ballistic missile, casting Plaintiff in a more adverse light and communicating to Employer that Plaintiff was a less desirable candidate.

63. Additionally, Defendant failed to follow reasonable procedures, resulting in the inaccurate reporting of the disposition date in case 497*** as July 22, 2011. Specifically, Defendant knew Plaintiff was convicted more than seven years earlier – on March 31, 2004 – and that his conviction was judicially dismissed on July 22, 2011. Nevertheless, Defendant falsely told Employer that Plaintiff pled "NOLO CONTENDRE" on July 22, 2011, casting Plaintiff in a more adverse light and communicating to Employer that Plaintiff was a less desirable candidate.

64. Based on above-described disclosures in the subject report, Plaintiff was harmed and suffered actual damages as a direct legal, proximate, and foreseeable result of Defendant's violations.

65. Defendant's violations were willful and/or grossly negligent because Defendant was aware of its obligations under the FCRA and had the ability to implement reasonable procedures designed to assure maximum accuracy of the information it reported. Nonetheless, Defendant consciously and/or recklessly elected to disregard its obligations to implement such reasonable procedures.

66. Defendant's violations entitle Plaintiff to damages pursuant to 15 U.S.C. §§ 1681n and 1681o, including but not limited to the actual harms suffered by Plaintiff as a direct legal, proximate, and foreseeable result of Defendant's violations, as well as punitive damages, attorney fees and costs.

## THIRD CAUSE OF ACTION
### (Violation of 15 U.S.C. § 1681k(a))

67. Plaintiff hereby incorporates by reference the allegations of paragraphs 1-50, inclusive.

68. Defendant is at all times relevant herein an entity regulated under the FCRA, and knew or should have known that pursuant to 15 U.S.C. § 1681k, subdivision (a):

> "A consumer reporting agency which furnishes a consumer report for employment purposes and which for that purpose…reports…or communicates items of information on consumers which are matters of public record and are likely to have an adverse effect upon a consumer's ability to obtain employment shall . . . *maintain strict procedures* designed to insure that whenever public record information which is likely to have an adverse effect on a consumer's ability to obtain employment is reported it is *complete and up to date*." (Emphasis supplied).

69. The information concerning Plaintiff in Defendant's report is a matter of public record likely to have an adverse effect upon Plaintiff's ability to obtain employment, and did in fact have an adverse effect upon Plaintiff's ability to obtain employment.

70. The subject report was not "complete and up to date" for purposes of 15 U.S.C. § 1681k, subdivision (a), because it failed to indicate case number 497*** was dismissed pursuant to

1 Penal Code section 1203.4, even though the Superior Court's Automated Records System and

2 the court file itself reflected the July 22, 2011 dismissal.

3     71. Based on the errors and omissions in the subject report, Plaintiff was harmed and suffered

4 actual damages as a direct legal, proximate, and foreseeable result of Defendant's violations.

5     72. Defendant's violations were willful and/or grossly negligent because Defendant was

6 aware of its obligations under the FCRA and had the ability to implement strict procedures

7 designed to ensure complete and up-to-date reporting of public record information. Nonetheless,

8 Defendant consciously and/or recklessly elected to disregard its obligations to implement such

9 strict procedures.

10     73. Defendant's violations entitle Plaintiff to damages pursuant to 15 U.S.C. § 1681n and

11 1681o, including but not limited to the actual harms suffered by Plaintiff as a direct legal,

12 proximate, and foreseeable result of Defendant's violations, as well as punitive damages,

13 attorney fees and costs.

14

15 <center>**FOURTH CAUSE OF ACTION**</center>

16 <center>**(Violation of Bus. & Prof. Code, § 17200 *et seq*.)**</center>

17

18     74. Plaintiff hereby re-alleges and incorporates by reference the allegations of paragraphs 1-

19 73, inclusive.

20     75. Beginning at an exact date unknown to Plaintiff but at least since August 1, 2012,

21 Defendant has committed numerous violations of the FCRA as set forth above.

22     76. Such acts and/or omissions constitute unlawful, unfair, and fraudulent business practices

23 prohibited by Business and Professions Code sections 17200 *et seq*.

24     77. As a direct and proximate result of Defendant's illegal activities, Plaintiff has suffered

25 damages in an amount to be proven at trial.

26

27 <center>**PRAYER FOR RELIEF**</center>

28

29 WHEREFORE, Plaintiff prays for judgment against Defendant, and each of them, as follows:

30

31     1. For compensatory, special, general and punitive damages according to proof

32        against all Defendants;

2.  For interest upon such damages as permitted by law;

3.  For restitution for benefits unfairly obtained by Defendant;

4.  For injunctive relief pursuant to Business and Professions Code section 17203;

5.  For an award of reasonable attorney fees provided by law under all applicable statutes;

6.  For the costs of suit;

7.  For such other orders of the Court and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby request and demand a jury trial on all issues triable by jury.

DATED: _7/14/14_

LAW OFFICE OF RUDOLPH J. ALEJO
RUDOLPH J. ALEJO, ESQ.

By: _____
Rudolph J. Alejo
Attorney for Plaintiff Leon Roe

COMPLAINT FOR DAMAGES - 13

# Exhibit 1

CR-181

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State bar number, and address):*<br>Leon ███████<br>███████████████<br>███████████<br>TELEPHONE NO.: ███████ FAX NO. *(Optional):*<br>E-MAIL ADDRESS *(Optional):* ███████ . . . .<br>ATTORNEY FOR *(Name):* | FOR COURT USE ONLY<br><br>ENDORSED<br>FILED<br>ALAMEDA COUNTY<br><br>JUL 2 2 2011<br><br>CLERK OF THE SUPERIOR COURT<br>By _____<br>Deputy |
| --- | --- |

PEOPLE OF THE STATE OF CALIFORNIA

v.

DEFENDANT:

Leon Miller

| ORDER FOR DISMISSAL<br>(Pen. Code, §§ 17, 1203.4, 1203.4a) | CASE NUMBER:<br>497████ |
| --- | --- |

| DEFENDANT'S INFORMATION |
| --- |
| CII: ███████<br>DRIVER'S LIC #: ███████<br>SSN # (LAST FOUR DIGITS ONLY): ███████<br>DATE OF BIRTH: ███████ |

1. ☐ The court denies the petition.

2. ☑ The court grants the petition. The court finds from the records on file in this case, and from the foregoing petition, that the defendant is eligible for the relief requested.

3. a. ☐ The court reduces the felony offense to a misdemeanor.

   b. ☐ The court denies the request to reduce the felony offense to a misdemeanor.

4. ☐ It is ordered that the plea, verdict, or finding of guilt in the above-entitled action be set aside and vacated and a plea of not guilty be entered and that the complaint be, and is hereby, dismissed.

5. If this order is granted under the provisions of Penal Code section 1203.4:
   a. The defendant is required to disclose the above conviction in response to any direct question contained in any questionnaire or application for public office or for licensure by any state or local agency or for contracting with the California State Lottery.
   b. Dismissal of the conviction does not permit a person prohibited from holding public office as a result of that conviction to hold public office.
   c. The defendant may also be eligible to obtain a certificate of rehabilitation and pardon under the procedure set forth in Penal Code section 4852.01 et seq.

6. If this order is granted under the provisions of either Penal Code section 1203.4 or 1203.4a, the defendant is released from all penalties and disabilities resulting from the offense except as provided in Penal Code sections 12021 and 12021.1 and Vehicle Code section 13555. The dismissal does not permit a person to own, possess, or have in his or her control a firearm if prevented by Penal Code sections 12021 or 12021.1.

7. In addition, as required by Penal Code section 299(f), relief under Penal Code sections 17, 1203.4, or 1203.4a does *not* release defendant from the separate administrative duty to provide specimens, samples, or print impressions under the DNA and Forensic Identification Database and Data Bank Act (Pen. Code, § 295 et seq.) if defendant was found guilty by a trier of fact, not guilty by reason of insanity, or pled no contest to a qualifying offense as defined in Penal Code section 296(a).

Date: JUL 2 2 2011     **CECILIA CASTELLANOS**

_____
(JUDICIAL OFFICER)

Form Approved for Optional Use<br>Judicial Council of California<br>CR-181 [Rev. July 1, 2010]     **ORDER FOR DISMISSAL**     Penal Code, §§ 17,<br>1203.4, and 1203.4a<br>www.courtinfo.ca.gov

Page 1 of 1

# Exhibit 2



# LexisNexis®

# **Background Report**

# **-Confidential-**

 LEON

**CID - 32768753**

PRIORITY BUSINESS SERVICES INC
Attn: ANN PAGE
19712 MAC ARTHUR BLVD
STE 110
IRVINE, CA 92612

Account No: 035726

*If your consumer is a California resident, the following notice is provided as required under California law: This report does not guarantee the accuracy or truthfulness of the information as to the consumer of the investigation, but only that it is accurately copied from public records, and information generated as a result of identity theft, including evidence of criminal activity, may be inaccurately associated with the consumer who is the consumer of the report.*

**Caution to Customer:** Under the terms of our service agreement, this report is submitted with the understanding that it is to be held in strict confidence and to be used only for the purpose indicated in the Customer's agreement for service, i.e. to determine eligibility for Employment / Volunteer / Government benefits / etc. If the Client Representative intends to take adverse action based in whole or in part on the contents of this report, the Customer Representative must provide the consumer with a copy of the report and a summary of consumer rights as prescribed by FCRA section 1681g(c)(3). LexisNexis Risk Solutions has provided your company with copies of the consumer rights statements for this purpose. In addition, remember the pre- and post-notification requirements and Consumer authorization prescribed by FCRA section 1681b and section 1681m.

| | |
|---|---|
| If you are a LexisNexis Consumer | Please contact the LexisNexis Consumer Center at:<br>**1-800-845-6004** Toll Free (within the U.S.)<br>**+1 678-694-2530** Toll Number (outside the U.S.) |
| LexisNexis Customers | Please contact the CHICAGO EMPLOYMENT SERVICE CENTER at:<br>**(800)727-7170** (outside North America +1-770-569-3001) |

 LexisNexis®

**General Consumer Information**

| | |
|---|---|
| **Consumer's Name** LEON  | **Client Reference 1** BRIDGE HOUSE |
| **Client Name** PRIORITY BUSINESS SERVICES INC | **Client Reference 2** |
| **Client ID** 035726 | **Client Representative** ANN PAGE |

The following consumer information was used in the production of this report:
Last Name, First Name, Middle Name, SSN, Date of Birth, Address

| | |
|---|---|
| **SSN** ▓▓▓▓▓ | **Address** ▓▓▓▓▓▓▓ |
| **Date of Birth** ▓▓▓▓▓ | |

**Other Names**
Not Provided

**Information Regarding this Order:**

| | |
|---|---|
| **Position Applied For** | **Date Ordered** Jul 26, 2012 01:04:11 PM |
| **Background Check Completion Date** Aug 03, 2012 02:30:29 PM | **Report Last Updated on** Aug 03, 2012 02:30:29 PM |
| **Date Report Printed** Aug 21, 2012 04:36:55 PM | |

All timestamps represent Eastern Time

**Background Report Summary**

Score Result

| Package Name: PRIORITY STAFFING PER COMP | | | |
| --- | --- | --- | --- |
| Additional Searches Ordered | Status | Review | Score |
| County Seat Felony & Misdemeanor | Complete | Yes* | |
| County Seat Felony & Misdemeanor OAKLAND, ALAMEDA, CA | Complete | Yes* | |

* Further review is required by the client to determine the consumer's eligibility based on background check results. Please refer to the corresponding detailed component report section for additional information.

** Further review is required by the client to determine the consumer's eligibility based on background check results. Please refer to the corresponding detailed component report section for additional information.

*** This product has been blocked from delivery due to compliance related restrictions.

## Social Security Number Validation

**Note**

The Social Security Number Validation is a process where the SSN is confirmed as being issued by the Social Security Administration. The Social Security Number Validation also confirms that the SSN does not belong to a deceased individual.

| | |
|---|---|
| **Valid SSN?** Yes | **State Issued** CALIFORNIA |
| **Date Issued** BETWEEN 1983-1984 | **Reported Deceased?** No |

**Disclaimer**

The results of the Social Security Number Validation do not provide a verification that the Social Security Number belongs to the Consumer of this report.

---

**County Seat Felony & Misdemeanor** OAKLAND, ALAMEDA, CA                                      **Status:  Complete**

| | |
|---|---|
| Record Source | ALAMEDA COUNTY SUPERIOR AND MUNICIPAL COURTS |
| Search Results | Record Found |
| Search Type | FELONY AND MISDEMEANOR RECORD SEARCH - SINGLE LOCATION DUAL INDEX |
| Type of Search | County Seat Felony & Misdemeanor |
| Date of Search | 08/03/2012 |
| Search Period | 07/12/2005 - 07/12/2012 |
| Address Covered | ███████████████████████ |
| Address City Covered | |
| Address County Covered | |
| Address State Covered | |
| Address Zip | |
| Location | |
| Given Name Searched | LEON ██████ |

*Full matched by the following identifiers: Last Name, First Name, DOB*

| | |
|---|---|
| Case Reference # | 497███ |
| Case Date | 03/20/2004 |
| Name on File | LEON ██████ |
| DoB on File | ██████ |
| Charge | POSSESSION OF WEAPON |
| Charge Type | MISDEMEANOR |
| Disposition | NOLO CONTENDERE |
| Date | 07/22/2011 |
| Sentence | PROBATION 36 MONTHS; JAIL 10 DAYS; RESTITUTION RESERVED |

**Source Status History**

| Status Date | Description |
|---|---|
| 07/27/2012 6:52:49 PM | Additional Research Required, Expected completion by 08/07/2012 |
| 07/26/2012 1:10:01 PM | Search in progress. Expected completion by 07/31/2012 |

**Order Process History**

| Date | Description |
|---|---|
| 07/26/2012 01:04:12 PM | Search In Progress. |
| 07/26/2012 01:10:01 PM | Search In Progress. |
| 08/03/2012 02:30:11 PM | Record sent for Auto Adjudication. |

| 08/03/2012 02:30:28 PM | Search In Progress. |
| 08/03/2012 02:30:29 PM | Record Judged. |



# Superior Court of California, County of Alameda
# Alternative Dispute Resolution (ADR) Information Packet

The person who files a civil lawsuit (plaintiff) must include the ADR Information Packet with the complaint when serving the defendant. Cross complainants must serve the ADR Information Packet on any new parties named to the action.

> The Court *strongly encourages* the parties to use some form of ADR before proceeding to trial. You may choose ADR by:
>
> - Indicating your preference on Case Management Form CM-110;
>
> - Filing the Stipulation to ADR and Delay Initial Case Management Conference for 90 Days (a local form included with the information packet); or
>
> - Agree to ADR at your Initial Case Management Conference.
>
> **QUESTIONS?** Call (510) 891-6055. Email adrprogram@alameda.courts.ca.gov
> Or visit the court's website at http://www.alameda.courts.ca.gov/adr

## What Are The Advantages Of Using ADR?

- *Faster* –Litigation can take years to complete but ADR usually takes weeks or months.

- *Cheaper* – Parties can save on attorneys' fees and litigation costs.

- *More control and flexibility* – Parties choose the ADR process appropriate for their case.

- *Cooperative and less stressful* – In mediation, parties cooperate to find a mutually agreeable resolution.

- *Preserve Relationships* – A mediator can help you effectively communicate your interests and point of view to the other side. This is an important benefit when you want to preserve a relationship.

## What Is The Disadvantage Of Using ADR?

- *You may go to court anyway* – If you cannot resolve your dispute using ADR, you may still have to spend time and money resolving your lawsuit through the courts.

## What ADR Options Are Available?

- *Mediation* – A neutral person (mediator) helps the parties communicate, clarify facts, identify legal issues, explore settlement options, and agree on a solution that is acceptable to all sides.

  o **Court Mediation Program:** Mediators do not charge fees for the first two hours of mediation. If parties need more time, they must pay the mediator's regular fees.

Some mediators ask for a deposit before mediation starts which is subject to a refund for unused time.

- o **Private Mediation**: This is mediation where the parties pay the mediator's regular fees and may choose a mediator outside the court's panel.

- *Arbitration* – A neutral person (arbitrator) hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial and the rules of evidence are often relaxed. Arbitration is effective when the parties want someone other than themselves to decide the outcome.

  - o **Judicial Arbitration Program** (non-binding): The judge can refer a case or the parties can agree to use judicial arbitration. The parties select an arbitrator from a list provided by the court. If the parties cannot agree on an arbitrator, one will be assigned by the court. There is no fee for the arbitrator. The arbitrator must send the decision (award of the arbitrator) to the court. The parties have the right to reject the award and proceed to trial.

  - o **Private Arbitration** (binding and non-binding) occurs when parties involved in a dispute either agree or are contractually obligated. This option takes place outside of the courts and is normally binding meaning the arbitrator's decision is final.

### Mediation Service Programs In Alameda County

Low cost mediation services are available through non-profit community organizations. Trained volunteer mediators provide these services. Contact the following organizations for more information:

**SEEDS Community Resolution Center**
2530 San Pablo Avenue, Suite A, Berkeley, CA 94702-1612
Telephone: (510) 548-2377    Website: www.seedscrc.org
Their mission is to provide mediation, facilitation, training and education programs in our diverse communities – Services that Encourage Effective Dialogue and Solution-making.

**Center for Community Dispute Settlement**
291 McLeod Street, Livermore, CA 94550
Telephone: (925) 373-1035    Website: www.trivalleymediation.com
CCDS provides services in the Tri-Valley area for all of Alameda County.

*For Victim/Offender Restorative Justice Services*
**Catholic Charities of the East Bay: Oakland**
433 Jefferson Street, Oakland, CA 94607
Telephone: (510) 768-3100    Website: www.cceb.org
Mediation sessions involve the youth, victim, and family members work toward a mutually agreeable restitution agreement.

**ALA ADR-001**

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address) | *FOR COURT USE ONLY* |
|---|---|
| TELEPHONE NO.:                     FAX NO. *(Optional)*: | |
| E-MAIL ADDRESS (*Optional*): | |
| ATTORNEY FOR (*Name*): | |

| **SUPERIOR COURT OF CALIFORNIA, ALAMEDA COUNTY** | |
|---|---|
| STREET ADDRESS: | |
| MAILING ADDRESS: | |
| CITY AND ZIP CODE: | |
| BRANCH NAME: | |

| PLAINTIFF/PETITIONER: | |
|---|---|
| DEFENDANT/RESPONDENT: | |

| **STIPULATION TO ATTEND ALTERNATIVE DISPUTE RESOLUTION (ADR) AND DELAY INITIAL CASE MANAGEMENT CONFERENCE FOR 90 DAYS** | CASE NUMBER: |
|---|---|

**INSTRUCTIONS:  All applicable boxes must be checked, and the specified information must be provided.**

This stipulation is effective when:

- All parties have signed and filed this stipulation with the Case Management Conference Statement at least 15 days before the initial case management conference.
- A copy of this stipulation has been received by the ADR Program Administrator, 1225 Fallon Street, Oakland, CA 94612.

1.   Date complaint filed: _____. An **Initial Case Management Conference** is scheduled for:

     Date:                          Time:                          Department:

2.   Counsel and all parties certify they have met and conferred and have selected the following ADR process (*check one*):

     ☐ Court mediation          ☐ Judicial arbitration
     ☐ Private mediation        ☐ Private arbitration

3.   All parties agree to complete ADR within 90 days and certify that:

     a.   No party to the case has requested a complex civil litigation determination hearing;
     b.   All parties have been served and intend to submit to the jurisdiction of the court;
     c.   All parties have agreed to a specific plan for sufficient discovery to make the ADR process meaningful;
     d.   Copies of this stipulation and self-addressed stamped envelopes are provided for returning endorsed filed stamped copies to counsel and all parties;
     e.   Case management statements are submitted with this stipulation;
     f.   All parties will attend ADR conferences; and,
     g.   The court will not allow more than 90 days to complete ADR.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

_____        ▶ _____
          (TYPE OR PRINT NAME)                          (SIGNATURE OF PLAINTIFF)

Date:

_____        ▶ _____
          (TYPE OR PRINT NAME)                          (SIGNATURE OF ATTORNEY FOR PLAINTIFF)

Page 1 of 2

Form Approved for Mandatory Use
Superior Court of California,
County of Alameda
ALA ADR-001 [New January 1, 2010]

**STIPULATION TO ATTEND ALTERNATIVE DISPUTE RESOLUTION (ADR) AND DELAY INITIAL CASE MANAGEMENT CONFERENCE FOR 90 DAYS**

Cal. Rules of Court,
rule 3.221(a)(4)

ALA ADR-001

| PLAINTIFF/PETITIONER: | CASE NUMBER.: |
|---|---|
| DEFENDANT/RESPONDENT: | |

Date:

_____        ▶ _____
(TYPE OR PRINT NAME)                              (SIGNATURE OF DEFENDANT)

Date:

_____        ▶ _____
(TYPE OR PRINT NAME)                              (SIGNATURE OF ATTORNEY FOR DEFENDANT)

Form Approved for Mandatory Use
Superior Court of California,
County of Alameda
ALA ADR-001 [New January 1, 2010]

**STIPULATION TO ATTEND ALTERNATIVE DISPUTE RESOLUTION (ADR)
AND DELAY INITIAL CASE MANAGEMENT CONFERENCE FOR 90 DAYS**

Cal. Rules of Court,
rule 3.221(a)(4)