UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEON ROE,<br><br>        Plaintiff,<br><br>    v.<br><br>FIRST ADVANTAGE LNS SCREENING SOLUTIONS, INC.,<br><br>        Defendant. | Case No. 14-cv-03737-EDL<br><br>**ORDER SETTING BRIEFING SCHEDULE** |

On September 8, 2014, Defendant filed its consent to proceed before a magistrate judge, voluntarily consenting to have "a United States magistrate judge conduct all further proceedings in the case, including trial and entry of final judgment." On October 1, 2014, after this case was reassigned to this Court, Defendant First Advantage LNS Screening Solutions filed a Declination to Proceed before a Magistrate Judge and Request for Reassignment to a United States District Judge. The same day, Plaintiff filed an opposition to Defendant's Request for Reassignment. Because Defendant has already consented to proceed before a magistrate judge, Defendant's October 1, 2014 Declination appears to be invalid and ineffectual. See Wilhelm v. Rotman, 680 F.3d 1113, 1119 (9th Cir. 2012) (holding that consent to the jurisdiction of "a" magistrate judge confers consent to the jurisdiction of any magistrate judge).

However, Defendant may move to withdraw their prior consent and vacate the reference to a magistrate judge. Withdrawal of consent in civil cases is only permitted in extraordinary circumstances. See 28 U.S.C. § 636(c)(4); Dixon v. Ylst, 990 F.2d 478, 480 (9th Cir. 1993) ("Once a civil case is referred to a magistrate judge under section 636(c), the reference can be withdrawn by the court only 'for good cause shown on its own motion, or under extraordinary circumstances shown by any party.' There is no absolute right, in a civil case, to withdraw consent

United States District Court / Northern District of California

to trial and other proceedings before a magistrate judge.") (internal citations omitted).  Defendant has not yet pointed to any extraordinary circumstances.  If Defendant believes that there are extraordinary circumstances warranting withdrawal of consent at this time, Defendant may file a Motion on this issue which the Court will hear on an expedited basis.  Defendant may file an opening brief of no more than five pages due within one week from the date of this Order.  If Defendant files a motion, Plaintiff may file an opposition of no more than five pages within one week from the date Defendant's brief is filed.  If, after reviewing the moving and opposition papers, the Court determines that a reply brief and/or a hearing is necessary, the Court will issue a further order at that time.  If Defendant determines that there are no extraordinary circumstances warranting withdrawal of consent and does not intend to file such a motion, Defendant should withdraw their Declination.

**IT IS SO ORDERED**.

Dated:  October 2, 2014

_____
ELIZABETH D. LAPORTE
United States Magistrate Judge